**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4182**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RONTAE DEVORE HAYES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:16-cr-00199-TDS-1)

Submitted:  September 28, 2017                    Decided:  October 2, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rontae Devore Hayes pled guilty, pursuant to an amended plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed an upward variant sentence of 96 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court provided a sufficiently individualized assessment of the 18 U.S.C. § 3553(a) (2012) factors and whether Hayes' sentence is substantively reasonable. Hayes was advised of his right to file a supplemental brief, but he has not done so. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Berry*, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court considered the § 3553(a) factors and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51. When considering a sentence above the Sentencing Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014) (internal quotation marks omitted).

We conclude that the court's lengthy sentencing explanation was sufficient, as the court explicitly considered several of the § 3553(a) factors and did not ignore the mitigating factors identified by Hayes' counsel. We further conclude that, when deciding to impose an upward variant sentence, the court reasonably considered that Hayes was selling a stolen firearm, that he admitted supplying firearms to gang members, and that he has an extremely violent criminal history. Accordingly, Hayes' sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hayes, in writing, of his right to petition the Supreme Court of the United States for further review. If Hayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hayes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*